## BUTLER COUNTY R. CO. v. UNITED STATES.

(Commerce Court. November 26, 1913.)

No. 89.

CARRIERS (§ 26*)—REGULATION OF RATES—INTERSTATE COMMERCE COMMISSION—DIVISION OF JOINT RATES—TAP LINE.

An order of the Interstate Commerce Commission permitting the re-establishment of a joint rate, including rates on both logs and lumber, between trunk lines and a tap line reaching lumber mills, but limiting the amount which might be allowed to the tap line with respect to services rendered to a proprietary mill to a switching charge on the lumber transported to the trunk lines, *held* invalid as based on arbitrary distinctions.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 67–82; Dec. Dig. § 26.*]

Petition by the Butler County Railroad Company against the United States, respondent, Interstate Commerce Commission, intervener, to annul an order of the Interstate Commerce Commission. Decree for petitioner.

For opinion of Interstate Commerce Commission, see 23 Interst. Com. Com'n R. 277 and 549.

William A. Glasgow, Jr., of Philadelphia, Pa., for petitioner.

Blackburn Esterline, Sp. Asst. Atty. Gen., of Washington, D. C., for the United States.

Charles W. Needham, of Washington, D. C., for the Interstate Commerce Commission.

Before KNAPP, Presiding Judge, and HUNT, CARLAND, and MACK, Judges.

MACK, Judge. Complaints filed by this petitioner against several trunk lines, requesting that joint rates and through routes theretofore in force be re-established, were made a part of the Interstate Commerce Commission's investigation and suspension docket No. 11. The reports and orders of the Commission in those proceedings are fully considered in our opinion filed this day in cases Nos. 90 to 93 (209 Fed. 244).

The finding in those orders that certain tap lines were plant facilities did not include this petitioner. As to it, as well as to a number of other tap lines not now before us, the order was as follows:

"Seven. It is ordered that the said principal defendants (the trunk lines) be and they are hereby required, on or before January 1, 1913, to re-establish, and for a period of two years to maintain, with (the Butler County Railroad Company) the through interstate routes and joint rates in effect in accordance with their respective tariffs filed with this Commission on April 30, 1912.

"Eight. Provided that the rates on yellow pine lumber and articles taking the same rates from points on the lines of the (Butler County Railroad Company) shall not exceed the current rates in effect from the junction points.

"Nine. Provided further that the allowances or divisions out of such joint rates to be paid by said principal defendants, respectively, to the said (Butler County Railroad Company) on the products of the mills (of its proprietary company) shall not exceed the divisions or allowances specified in the afore-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

said supplemental report of the Commission, which are hereby fixed as maximum divisions or allowances thereon, until further order, the Commission finding upon the record that any allowances or divisions in excess thereof result in undue preferences and unjust discriminations and are unlawful."

At page 629 of the supplemental report (23 Interst. Com. Com'n R.) the Commission says:

"For its service in moving the products of the cooperage company's (the proprietary) mill to the Iron Mountain and to the Frisco, a distance of less than one mile, this tap line may lawfully receive out of the rate nothing beyond a reasonable switching charge, which we fix at $1.50 per car."

This is the only provision for any allowance or division in respect to the traffic of the proprietary company.

The effect of the order of the Commission is to find that this tap line is a common carrier both of logs and of lumber, but while it may receive a division out of the joint rate for both the log and the lumber traffic of nonproprietary companies, it may receive neither a division nor an allowance for the log traffic and only an allowance but no division for the lumber traffic of the proprietary mill.

For the reasons stated in the opinion filed this day in cases Nos. 90 to 93, we are of the opinion that the distinctions here made are arbitrary and that the order is, in this respect, beyond the power of the Commission.

When the Commission permits the re-establishment of a joint rate which was applicable both to the logs and the lumber, including the milling-in-transit privilege, thereby recognizing the tap line as a common carrier both of logs and lumber, it is without power to forbid the payment by the trunk line to the tap line of a reasonable division for its services both in hauling the logs to a mill, proprietary or nonproprietary, and in hauling or switching the lumber from such a mill to a trunk line. It is in such case equally without power to limit the payment in respect to the traffic of the proprietary mill to a mere allowance for switching the lumber. The proviso contained in paragraph numbered 9 of the order must therefore be annulled.

If the divisions theretofore in force were so excessive as to produce an unjust discrimination, or to amount to a secret rebate, the Commission may reduce them to a reasonable sum, and nothing herein stated is intended in any manner to limit the power of the Commission in this respect.

A decree will be entered accordingly, and it is so ordered.